UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ROY ALLEN JOSHLIN III                                                                    PLAINTIFF
ADC #180906

V.                              No. 3:22-CV-00287-KGB-JTR

ROBERT CASE, Jail Administrator,
Greene County Detention Center, *et al*.                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Discussion

On November 7, 2022, Roy Allen Joshlin, III ("Joshlin"), an inmate in the Greene County Detention Center ("GCDC"), filed a *pro se* § 1983 Complaint and a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). *Docs. 1 & 2*. Joshlin's Complaint alleges that Defendants GCDC Jail Administrator Robert Case

and the GCDC's "new commissary company," Keefe Commissary Network, created an unsafe environment at the jail by allowing "real Bic pens" to be sold in the GCDC commissary. *Doc. 2 at 4-5*. Joshlin alleges that he was previously stabbed[1] and is worried that he "going to get stabbed with one of these pens … as [he] ha[s] been threatened many times." *Id*. However, in Joslin's Complaint, he admits that, after he filed a grievance about the pens, the GCDC "got rid of them." *Id. at 4*.

On November 8, 2022, I entered an Initial Order for *Pro Se* Prisoners notifying Joshlin, among other things, that his IFP Motion was incomplete because it did not include the required certificate of his inmate trust account and calculation sheet. *Id. at 3*. Thus, I directed the Clerk to send Joshlin a certificate and calculation sheet and gave him until December 8, 2022, to have an authorized jail official complete and sign the documents and return them to the Clerk. *Id*. The November 8 Order also directed GCDC jail officials to assist Joshlin in completing the forms. *Id*.

On December 7, 2022, Joshlin filed a Notice stating that he had sent "multiple request[s]," for GCDC officials to complete and sign his IFP forms, but he was "still waiting on them" and "may need [the Court's] help in getting [GCDC officials] to do something." *Doc. 4*.

---

[1] It is not clear from Joshlin's Complaint when he was previously stabbed or the facility where this stabbing occurred.

2

On December 13, 2022, I directed the Clerk to send a certificate and calculation sheet to the GCDC Jail Administrator and directed the GCDC Jail Administrator **"to have an authorized GCDC official complete and sign the certificate of inmate trust account and calculation sheet with the appropriate information from Joshlin's GCDC trust account and return the signed and completed documents to the Court, within 30 days**." *Doc. 5* (emphasis in original).

On January 3, 2023, Joshlin filed the signed and completed certificate and calculation sheet. *Doc. 6*. Along with his IFP documents, Joshlin also filed a letter stating:

> Hello this is Roy Allen Joshlin[.] [H]ere is the IFP Application, but I need to know how much I'm going to be charged before we proceed, as I have been told that the current Jail Administrator is quitting as of the first of the year and a new Jail Administrator will be coming in[,] so I find it pointless to proceed in this case and ask this case to be dismissed.

*Doc. 7*.

As the Court previously explained to Joshlin, if he is granted IFP status, it will cost him $350 to proceed with this action. *Doc. 3 at 3*. Having now filed a proper IFP Application, if this action were to proceed, an initial partial payment of $68.37 would be immediately withdrawn from his GCDC trust account and paid to the Clerk of Court. *See* 28 U.S.C. § 1915(b). Thereafter, Joshlin would be required to pay the

3

balance of the $350 filing fee in monthly installments taken from his institutional trust account. *Id*.

Apparently, the cost of pursuing this case, coupled with Joshlin's acknowledgement that, after he filed a grievance, GCDC took the ink pens away from GCDC prisoners, has led him to conclude "it [is] pointless to proceed with this case" and request the Court to "dismiss" the case. *Doc. 7*. The Court construes Joshlin's letter attached to his IFP documents as a Motion to Voluntarily Dismiss, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

As Joshlin now seems to realize, any "failure to protect claim" he might otherwise have had, based on GCDC prisoners being allowed to possess "Bic pens," became moot when GCDC changed its practice, after Joshlin filed his grievance, and confiscated the Bic pens in possession of some prisoners. To allow Joshlin to avoid having to pay a $350 filing fee to pursue what now appears to be a "pointless" claim, the Court recommends that his Motion to Voluntarily Dismiss (*Doc. 7*) be granted, and this action be dismissed, without prejudice.

## II. Conclusion

IT IS THEREFOR RECOMMENDED THAT:

1. Joshlin's Motion to Voluntarily Dismiss (*Doc. 7*) be GRANTED.

2. Joshlin's IFP Motion (*Doc. 1*) be DENIED as moot.

3. Joshlin's Complaint (*Doc. 2*) be DISMISSED, WITHOUT PREJUDICE.

DATED this 11th day of January, 2023.

                                                 /s/ J. Thomas Ray
                                                 UNITED STATES MAGISTRATE JUDGE